## In re SCHLOSS et al.

(District Court, E. D. New York. May 7, 1919.)

BANKRUPTCY ⊚=359—AGREEMENT OF PURCHASER OF ASSETS TO PAY UNSECURED LIABILITIES—CLAIMS NOT FILED AND ALLOWED.

Although bankruptcy court accepted offer of purchaser of bankrupts' assets to pay 100 per cent. on prior or preferred claims and 20 per cent. of unsecured liabilities to general creditors, the final and only dividend of 20 per cent. can be declared and paid only to those creditors whose claims have been filed and allowed.

In Bankruptcy. In the matter of David Schloss and Max Schloss, trading as Schloss Plumbers' Woodworking Supply Company, alleged bankrupts. On motion of the trustee for an order directing a final dividend to be paid. Motion granted.

Louis J. Castellano, of Brooklyn, for the motion.

GARVIN, District Judge. The trustee moves for an order directing that a final dividend be paid to creditors whose claims are filed and allowed. At the same time the following question is certified by the referee:

"Shall an only and final dividend of 20 per cent. be declared upon the claims filed and allowed, and also to those creditors whose names appeared on the bankrupts' schedules, but whose claims have not been filed and allowed, or shall this only and final dividend be declared to those creditors alone whose claims have been filed and allowed?"

It appears that one Harry Barschi made an offer to purchase all the assets of the bankrupts, which reads as follows:

"I, Harry Barschi, the undersigned, residing at 1440 Crotona Park East, Bronx, N. Y., hereby offer to purchase all the assets of whatever nature and description of David Schloss and Max Schloss, doing business as Schloss Plumbers' Woodworking Supply Company, including all merchandise, bills and accounts receivable, choses in action, furniture, fixtures, cash in bank and on hand, and all property, real and personal, and effects of every kind, nature, and description, upon the following condition:

I agree to pay for all the property of the bankrupt, a sum equal to twenty (20%) per cent. of the unsecured liabilities owing by the said bankrupts to their general creditors, and I also agree to pay one hundred (100%) per cent. on all claims entitled to priority or preference under the United States Bankruptcy Law, as shown by their books filed or to be filed by the alleged bankrupts.

"I reserve the right to contest at my expense, in the name of the receiver or otherwise, any claim or claims of any alleged creditor believed by me not to be a just and proper or enforceable obligation against the bankrupt, or deemed by me not to be provable or allowable in bankruptcy, or which I may deem to be invalid or, to be for an excess amount.

"I agree to pay all fees of administration for such amount as may be agreed upon by me, or, if not agreed upon, as may be allowed by the court.

It is understood that one hundred and fifty ($150) dollars, deposited by me with this offer, is to be returned to me forthwith, if the bid is not accepted, less the necessary expense for advertising.

"This bid is to be acted upon by the receiver or otherwise on or before the 16th day of November, 1917."

⊚=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The receiver accepted this offer and an order was made by this court November 24, 1917, providing in part as follows:

"Ordered, that Louis J. Castellano, receiver herein, be and he is hereby directed to transfer and turn over to said H. Barschi all the assets and effects of the bankrupts, now in his possession, both real and personal, of whatever kind and nature, upon the receipt from said H. Barschi, in cash, 20 per cent. of the respective amounts due to unsecured creditors, as set forth by the schedules filed herein, and upon the receipt from the said H. Barschi of a sufficient amount to pay all priority claims, if any, in full, and upon the receipt from said H. Barschi of the fees and disbursements incurred in the proceedings, and it is further

"Ordered, that H. Barschi make and execute his bond, indemnifying the payment of twenty per cent. of any sum or sums that may be filed and allowed by any creditor within one year from the date of the adjudication had in these proceedings."

I construe this offer, and the order referred to, to mean that Barschi was willing to pay for the assets of the estate 20 per cent. of the unsecured liabilities of the bankrupts. I do not believe, however, that a dividend can be declared and paid to creditors whose claims have not been filed and allowed.

It does not appear that Barschi has objected to the payment of any claim appearing in the schedules, but which have not been filed and allowed. Therefore it does not appear to me that he is to be considered upon this question. It is my judgment that the estate should be distributed in the usual manner and the question certified is therefore answered as follows: The only and final dividend shall be declared to those creditors whose claims have been filed and allowed.

The motion of the trustee is granted.